**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JERALD BOITNOTT and GERALD DOYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC.<br><br>Defendant. | Case No. 19-CV-01005 (DWF/ECW)<br><br>**ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

**TO: CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA, PLAINTIFF AND HIS ATTORNEY OF RECORD**

Defendant Dick's Sporting Goods, Inc. ("Defendant"), in answer to Plaintiffs' Amended Complaint, admits, denies and alleges as follows:

## **INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

2. Answering Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

3. Answering Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

4. Answering Paragraph 4 of the Complaint Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

5. Answering Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

6. Answering Paragraph 6 of the Complaint, Defendant denies each and every allegation.

7. Answering Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

8. Answering Paragraph 8 of the Complaint, Defendant denies each and every allegation.

9. Answering Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

10. Answering Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11. Answering Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12. Answering Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. Answering Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

14. Answering Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

15. Answering Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

16. Answering Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

17. Answering Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

18. Answering Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

19. Answering Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

20. Answering Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

21. Answering Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

22. Answering Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

23. Answering Paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

24. Answering Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

25. Answering Paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27. Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

28. Answering Paragraph 28 of the Complaint, Defendant admits that the instant Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et. seq. Defendant denies all remaining allegations.

29. Answering Paragraph 29 of the Complaint, Defendant admits that the instant Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et. seq. Defendant denies all remaining allegations.

30. Answering Paragraph 30 of the Complaint, Defendant admits that the actions complained of are purported to have occurred within the District of Minnesota.

## PARTIES

31. Answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

32. Answering Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

33. Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

34. Answering Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

35. Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

36. Answering Paragraph 34 of the Complaint, Defendant admits that it is a Delaware Corporation and that its corporate headquarters is located at 345 Court Street,

Coraopolis, Pennsylvania 15108.

37. Answering Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and arguments, and on that basis denies each and every allegation. Defendant admits that certain portions of the sporting goods stores it operates are open to the public.

## FACTUAL ALLEGATIONS AND PLAINTIFF'S EXPERIENCE

38. Answering Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

39. Answering Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

40. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation.

41. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation.

42. Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation.

43. Answering Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and every allegation.

44. Answering Paragraph 42 of the Complaint, Defendant admits that it operates sporting goods stores throughout the United States called "Dick's Sporting Goods."

45. Answering Paragraph 43 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. To the extent the paragraph also contains factual allegations, Defendant denies each and

every allegation.

46. Answering Paragraph 44 of the Complaint, Defendant denies each and every allegation.

47. Answering Paragraph 45 of the Complaint, Defendant denies each and every allegation.

48. Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation.

49. Answering Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

## CLASS ALLEGATIONS

50. Answering Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

51. Answering Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

52. Answering Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

53. Answering Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

54. Answering Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation.

## CAUSE OF ACTION: VIOLATION OF THE ADA

55. Answering Paragraph 53 of the Complaint, Defendant denies each and every allegation.

56. Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation.

57. Answering Paragraph 55 of the Complaint, Defendant denies each and every allegation.

58. Answering Paragraph 56 of the Complaint, Defendant denies each and every allegation.

59. Answering Paragraph 57 of the Complaint, Defendant denies each and every allegation.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiffs' claims are barred in full or in part because Plaintiffs lack standing to pursue their alleged claims.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiffs' claims are barred to the extent that they are based on events that occurred beyond the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

(Effective Access)

3. The purported architectural barriers provide effective access to Plaintiffs. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiffs because any alleged noncompliance was *de minimis*, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiffs were able to use and access the features.

## FOURTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

4. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## FIFTH AFFIRMATIVE DEFENSE

(Full Compliance Is Structurally Impracticable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

## SIXTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

6. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject properties, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

## SEVENTH AFFIRMATIVE DEFENSE

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

8. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiffs' alleged disability by providing access via "alternative methods" other than the removal of alleged architectural

barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiffs to overcome/deal with any of the barriers alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

9. Plaintiffs' claims are barred under the doctrine of unclean hands because Plaintiffs are not bona fide customers, but Plaintiffs intentionally staged a nuisance lawsuit to extort a monetary settlement.

### TENTH AFFIRMATIVE DEFENSE
(Undue Burden)

10. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in an undue burden upon Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

11. Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
(Waiver)

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Indispensable Party)

13. Plaintiffs' alleged claims are barred, in whole or in part, because of their failure to name an indispensable party or parties.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Fundamental Alteration)

14. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant services and/or goods.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

15. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Mootness)

16. Plaintiffs' claims are barred under the doctrine of mootness.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Dimensional Tolerances)

17. Plaintiffs' claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Equivalent Facilitation)

18. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE
(Defenses Under Federal Rules of Civil Procedure)

19. Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

### TWENTIETH AFFIRMATIVE DEFENSE
(Not Readily Achievable)

20. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the

alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## TWENTY FIRST AFFIRMATIVE DEFENSE

(Related Class Action Supporting Stay)

21. On April 3, 2019, Bruce Carlson with Carlson Lynch, LLP and Plaintiffs' counsel, Patrick W. Michenfelder and Chad Throndset with Throndset Michenfelder, LLC, filed a virtually identical class action lawsuit against Defendant in the Western District of Pennsylvania entitled *Bartley M. Mullen, Jr. v. Dick's Sporting Goods, Inc.*, Case No. 29-CV-374-PJP. Defendant believes the instant case must be stayed in favor of the first filed action. Attached hereto as Exhibit A is a true and correct copy of the *Bartley M. Mullen, Jr. v. Dick's Sporting Goods, Inc.* Summons and Complaint.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiffs take nothing by way of their Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial pursuant to Federal Rules of Civil Procedure Rule 38(b) and Local Rule 38.1 on all issues submittable to a jury.

DATED: June 4, 2019                    Respectfully Submitted,

                                                          <u>s/Colleen O. Kaufenberg</u>
Colleen O. Kaufenberg
Bar Number #186193
Attorneys for Defendant
  Dick's Sporting Goods, Inc.
Hansen, Dordell, Bradt, Odlaug & Bradt, PLLP
3900 Northwoods Drive, Suite 250
St. Paul, MN 55112-6973
651/482-8900 (main)
651/332-8722 (direct)
651/482-8909 (fax)
ckaufenberg@hansendordell.com

*Attorneys for Defendant Dick's Sporting Goods, Inc.*